I'll ask it. Case numbers 12 16 49 people versus Jamaica Brown. Yes. Uh huh. Yeah.  Okay. With the lawyers, please approach the bench. Introduce yourself. Good morning, Your Honor's assistant appellate defender, Brian Cook on behalf of the appellant Brown. Good morning, Your Honor's. I'm assistant State's attorney John Noack on behalf of the people. Okay. You're gonna reserve some time for rebuttal. Yes, Your Honor. Two or three minutes. Okay. May it please the court. Council. Jamaica Brown was convicted of retail theft and was given a felony sentence of 18 months in prison. But the state did not comply with the plain language of the statute requiring it to provide Mr Brown with specific notice that it intended to rely on a prior conviction to elevate the charge defense from a misdemeanor to a felony. As the only Supreme Court recently make wasn't the fact that he was indicted, kind of noticed that they were looking to look into treated as a felony. They only indict felonies. Well, it was an information. Um, in this case, I believe, but misdemeanors can be charged by either complaint information or indictment. So the mere fact that they did it by information or indictment on its own isn't a clear indication that they intended to treat this as a felony, nor is it what this plain language of the statute requires. Um, and the statute at issue here is 111.3 C of the Code of Criminal Procedure. And what the owner of Supreme Court held in easily is that when a prior conviction is not an element of the offense, but rather is instead merely used to increase the classification of the offense, that prior conviction, uh, defendant has to be given notice in accordance with 111.3 C. And that provision has two requirements. It says that the state must identify that prior conviction to give the defendant notice. And it also says, and I'm going to quote, that the state shall also state the intention to seek an enhanced sentence. It's that requirement that the state didn't meet here. The state identified a prior conviction in the charging instrument here, but it didn't specifically say that it intended to seek, uh, an enhanced sentence. In other words, an increase of this offense from a misdemeanor to a felony. It didn't specifically say that in the indictment. And that is what the plain language here requires. Uh, the state would have this court hold that it's sufficient to merely identify the prior conviction, but the effect of that interpretation would be to, uh, strike that provision that the legislature clearly added to 111.3 C. when they adopted it back in 1990. And one of the primary rules... But isn't there also another provision in the statute specifically aimed at the specific crime of retail theft that says that under, uh, 16.8.10.2, uh, when, when a person has any such prior conviction, the information or indictment charging that person shall state such prior conviction so as to give notice of the state's intention to treat the charge of retail theft as a felony. Now, doesn't that, doesn't that specific language, which is much more specific than 111.3 and specific always rules over general, doesn't that specifically say that the actual stating of the prior conviction will give notice? I think here you have to look at the legislative history of 111.3 C. And that's something that was discussed in easily. They cite to a case, People versus Jamison. Uh, Jamison was a case, another Illinois Supreme Court case in the 1990s. And the provision in retail theft, the notice provision in that statute was enacted in 1988. Then in 1990, the legislature adopted 111.3 C. And the Illinois Supreme Court looked at the legislative history of that in Jamison, which I said is cited in easily. And what they said is that, um, the legislature recognized that there were about 26 different statutes that were similar to retail theft, where a criminal offense was increased from one class of offense to another because of a prior conviction. A few of those, like retail theft, had a notice provision within the statute. Most of them, though, did not have a notice provision. And so what the adopted 111.3 C was to clarify any confusion that might exist between statutes that did and didn't have a notice provision within them by providing, in the Illinois Supreme Court's word, a general catch-all notice provision that was applicable to all cases, not just to those offenses that didn't have a notice provision, but to all offenses in which, like retail theft, the classification was increased. So to say that, uh, the then the general notice provision in 111.3 C, that would basically establish two different rules. You'd have a one type of notice, a lesser notice required for retail theft, and some additional type of notice required for other offenses under 111.3 C. There's some reason they can't do that? It would be inconsistent with what the Illinois Supreme Court... There's that, there's that old, that old rule, specific rules over general. However, if we look at the legislative history, that doesn't apply. The legislature, as the Illinois Supreme Court clearly said, intended to clarify the law and provide a universal rule. So effectively, 111.3 C, by providing this catch-all provision that applies to all cases, effectively superseded, uh, what had previously been in the statute for retail theft, that pre-existing notice provision. And the, and when adopting 111.3 C later than that notice provision, the legislature specifically added an additional requirement that the state must also state its intention to seek a prior, to seek an enhanced sentence. And isn't that the key word, intention? Because if we use the theory of Justice Palmer, then that word, intention, would have no effect. It would be meaningless. That is our position. If the state merely has to identify the prior conviction and the defendant has to infer the intention from that, then there wouldn't have been much purpose for the legislature to specifically add that provision, requiring the state to actually state its intention, which is what the state did not do here. I would also point out that, um, the... What would be the purpose of citing in the information or indictment the prior conviction, if not to, uh, give notice that, uh, that they intended to increase the penalty? Well, our sentencing code is fairly complex and there are lots of different ways in which a prior conviction can be used at sentencing. And so what 111.3 C does is make sure that there's absolutely no confusion, right from the start of the case, right from the point at which the defendant is charged and arraigned. No, no, my question is not my question. My question is, what would, when the state drafted the indictment, what reason would they have to put that prior conviction in the indictment? Because if it doesn't show their intent to enhance, then it's surplus, they don't need it in order to just convict on a misdemeanor. So why would they put it in, in the first place? Well, the purpose, I think, first of all, we're assuming defense counsel and defendant automatically know that, that prior conviction, the purpose that it serves. I think it's important for a defendant to know right from the start of a case, from the indictment, from his arraignment, when he's read the indictment, that he knows that he's looking not at the misdemeanor retail thefts that he's had in the past, but actually a felony this time. Wouldn't you know that if you read section 16.8.10.2? I don't know. Counsel read that and said, oh, look, they, they stated in the prior conviction, so as to give notice. It's possible. I mean, we're assuming counsel is perfectly competent. We know that's not always the case. That's not our issue. That's not our issue. It's not an effective assistance. However, if we're interpreting 111.3.C, I think it's important to note, if you interpret in a way that removes that requirement from the plain language of the statute, there are consequences to that. And that means, in some cases, there might be ambiguity about the purpose of that prior conviction. We, we can't always assume. Defendants sometimes go pro se. They should know right from the beginning that they're facing an enhanced sentence. There should be no ambiguity about that whatsoever. And, and even more so, one of the primary rules of statutory interpretation is that you shouldn't render plain language of a statute superfluous. And if you read that requirement out, if you treat an indictment or an information like the one in this case as sufficient, then you've effectively violated that most fundamental rule of interpretation. I would also point out that it's very easy for the state to comply with this rule. And another provision of the statute, paragraph D, gives the state up until trial to amend the charging instrument to provide the proper notice. So the state, it's very easy for them to comply, and they have plenty of opportunity to comply. But they never did so here. And then the result of that is that Mr. Brown faced a considerable amount of time in prison that he wouldn't have faced otherwise had the state provided proper notice. Because of that, we would ask you to review this and reverse his conviction for class 4 felony retell theft, reduce that to a misdemeanor, and remain in his case for his sentencing. If your honors have no further questions, I'll reserve the rest of my time for rebuttal. May it please the court. Again, my name is John Nowak, assistant state's attorney on behalf of the people. Your honors, this case is as simple as reading the charge and reading the statute to show that this defendant was on notice from the moment this information was filed that he was facing a felony. Here, in addition to the elements of the offense, the state provided that he was on notice of a felony by stating after the elements the following, and the defendant has been previously convicted of the offense of retail theft under case number 10C55011301. By statute, that prior conviction is not an element of the offense. There is literally only one reason that is included in this charge, and that is to put him on notice that this is a felony. Because that is complying with that requirement of the retail theft statute and that of 113C. The retail theft statute in section 16A-10 sub 2 says that a person who has been convicted of retail theft of property and who has previously been convicted of any type of theft is guilty of a class 4 felony. It then goes on to explain how the defendant is on notice about this. And it says when any person has any such prior conviction, the information or indictment charging that person shall state such prior conviction so as to give notice of the state's intention to treat the charge of retail theft as a felony. So as to give notice of the state's intention to treat this as a felony. That is the only reason that is included. So what you're telling us is that once the state talks about the previous offense that they are stating the intention to seek an enhanced sentence. Yes, your honor. There is no other reason for that prior conviction to be in there. It is not by statute. Wouldn't it be easier for the state just to say, hey, we are going to seek an enhanced sentence as a result of this previous conviction? That would be superfluous, your honor, and not required by the statute. The statute requires that the state put in that prior conviction in the indictment or the information because that is so as to give notice of that intention. So what this comes down to is how do we square that provision of the retail theft statute with 111-3? Two ways, your honor. First, they are essentially identical. And second, if this Court were to find that they weren't, the specific retail theft statute would control because it is the more specific, as this Court has noted, that is a general rule of statutory interpretation. And it has been amended several times since 1990, including in 2011 when the minimum requirement for it to be was upped from $150 to $300. And that notice provision has never changed. But here, your honor, they are the same. 111-3C is simply meant as the more general version of this to apply to all statutes. And here it says in 111-3C that the state shall state such prior conviction so as to give notice to the defendant, period. That's where it ends. But to give notice to the defendant of what? Of this prior conviction? Or it already says we have to state that prior conviction. So as to give notice to the defendant that this is an enhanced offense. Because 111-3C also says that that prior conviction is not an element of the offense. There's no other reason for it under the retail theft statute or 111-3C for that prior conviction to be in the charge other than to put him on notice. Well, what bothers me here is this. You know, what you say, you know, may be very logical. But the statute, the 311-3C says state the intention. So that word intention would be meaningless if we followed your theory. It would not, your honor. It is meaningful. It has a meaning. You say this is my intention. Yes. I mean, how do you do it some other way? But you do it in this way. As the statute says, shall state such prior conviction so as to give notice to the defendant. Of what? That's where the sentence ends. But we know of what. What it says earlier in 111-3C. Of the state's intention to treat this as an enhanced offense. That's what that is. That's what stating the prior conviction is. Because 111-3C says that prior conviction is not an element. Why else is it in there? It is in there for one reason. There is no other reason. It is to comply with this section. That is the only reason it is in there. Easily never held that it has to expressly say, in addition of stating that prior conviction, state, and this is going to be a felony, and it's also a class 4. Because 111-3A, which counsel referenced, which sets forth what has to be in that charge for any type of felony offense, whether it's going to be enhanced or not. It never requires the state to tell the defendant in the information or indictment what particular class offense it is, or whether it's a misdemeanor or a felony. The only way defendant knows is because defendant sees what he's been charged with and then consults the statute. Read the charge, read the statute. And here, defendant reads the charge. I've been charged with retail theft. Oh, and the state also notifies me that I have a prior conviction a year earlier of retail theft. I'll read the statute. Oh, second offense for retail theft is a class 4 felony. This defendant was on notice, and we know it by looking at the transcript. He was on notice before, during, and after. He received a preliminary hearing, which is only done for felony charges. He did not stop the judge and say, judge, wait. Why am I getting a preliminary hearing? This is a misdemeanor. He didn't say that. He had a trial in a felony courtroom before a felony trial court judge, Judge Crane. At no point did defendant or defense counsel question, why am I in a felony courtroom if I've only been charged with a misdemeanor? And then in sentencing, he received a sentence of 18 months in the penitentiary, a sentence permissible only by, for a felony. And defendant never, at any point, before, during, or after, questioned this. And that shows you that he has not been prejudiced. I have a problem with your contention that 111-3 and the retail theft statute are the same. They're not the same. They're not worded the same. You have a better argument, that that's not your winner. Because 111-3 specifically says, it has additional requirements. It specifically says, the charge shall also state the intention. That's what 111-3 says. 16 doesn't say that. 16 is more precise. 16 says, state the prior conviction so as to give notice. There's a difference there. Yes. Because in addition to that, 111-3 says, the charge shall also state the prior conviction so as to give notice. It's not the same. So as to give notice to the defendant. It doesn't say, give notice of what. But you're right. Retail theft is more specific, because that is the precise time he's been charged with. And it's also more precise. Because it says, stating that prior conviction is done so as to give notice. Okay. So it also says that if you look at the legislative history, concerning the passage of 111-3, you see that what was going on there was the problem in making a catch-all for all crimes, and that it should be governed by 111-3. You don't accept that? The general rule of statutory interpretation, again, Your Honor, is that the specific governs over the general. And here, this was, this retail theft statute was amended many times. No, I accept that he should be charged in a row. The retail theft statute was amended many times after 111-3 was amended. Well, I guess one could argue that, and we see this all the time, is when they come up with a statute like 111-3, they also strike out the contrary language in other statutes, which they didn't do. And they didn't do that. And they had 20 years to do it, and they didn't do it. And in 2011, this was still the law for retail theft. But, Your Honor, this is an overarching argument. Yes, the narrow interpretation, this Court can rule and would rule in the State's favor that giving the notice under 16A-10 sub 2 is the notice of the State's intent. There was truly no other reason for that to be in here. And finally, Your Honors, this Court, this case cannot be remanded for a misdemeanor conviction sentence because such a conviction sentence would be void. This defendant charged with a second offense of retail theft by statute must receive a Class IV conviction and sentence. To remand it for a misdemeanor conviction sentence would be void. In conclusion, Your Honors, the State complied with the notice provisions of the retail theft statute by including that prior in the charge, conviction in the case. We can see by the statute that he was new entirely throughout this process. And when a defendant challenges an indictment for the first time on appeal, he must show prejudice. He cannot show prejudice. Let me ask you this. If the sentence is vacated, it could be remanded. But he has been charged with a second offense of retail theft. By statute, a second offense for retail theft is a Class IV felony. A defendant who is a repeat retail theft offender cannot receive a misdemeanor conviction sentence. That is what the Illinois Supreme Court held and easily, as far as UUW by a felon, it said the appellate court had erred by sending it back, a repeat UUW by a felon offender, vacating a Class II and sending it back for a Class III. They said that was error because a repeat UUW by a felon offender must receive a Class II. The similar, that applies here as well. A repeat retail theft offender cannot receive a misdemeanor sentence, a conviction. He must receive a Class IV. But in easily, the prior conviction was an element of the offense. Yes. And so by reading that, he knew what Class of offense. In here, it was not an element of the offense. That's right. That makes it different than easily. Yes. And it was only there for only one reason, Your Honor, and that was to put him on notice, just as the retail theft. So what if we send it back for a new trial? Again, it would still be void. He would then on retrial. It wouldn't be void because when we send it back for a new trial, you guys could give him notice under 111-3 and go along your way. Your Honor, he's already received the notice, the indictment, the information. I mean, it was a bench trial, right? It was, Your Honor. So what about when he waived jury? What could he say? Well, you know, gee, you know, if I knew this was going to be a felony, I wouldn't have waived jury. Your Honor, that's just the point. He was in a felony courtroom. He knew throughout this entire process this was a felony. There is no question. He is challenging this indictment for the first time on appeal. He has to show prejudice. There's no prejudice. There's absolutely no prejudice. For these reasons and those in our briefs, Your Honor, we ask that this court affirm defendant's felony conviction and sentence. Briefly, Roboto, Your Honor, first, I'd like to address the last argument the state made concerning voidness. They say that a misdemeanor conviction in this case would be void. And I think the problem with that position is that, as Your Honor pointed out, there's a distinction between easily and easily. The prior conviction was an element of the offense. That element of the offense was charged in the indictment as elements must be. It was proved at trial. Accordingly, the state met all the procedural requirements that it had to meet to make a Class II sentence an authorized and mandatory sentence. Therefore, to impose anything less would, of course, be void. Here, the state did not meet all the prerequisites for making a felony conviction an authorized sentence. A felony conviction only becomes authorized if the state complies with the notice provision of 111-3C. They didn't do that. So in that situation, a misdemeanor sentence is an authorized sentence. To hold that a sentence is a void, despite the state's noncompliance with 111-3C, would essentially eliminate any incentive the state ever has to comply with 111-3C in a case like this. They could just come in at sentencing and say, even though we didn't comply, any other sentence would be void. And that would effectively strike the whole provision from the code. I'd also like to talk briefly about amendments to the notice provision. The state notes that the provision, once 111-3C was adopted in 1990, there was approximately 20 years where the notice provision and retail stuff stayed off the books. However, a few weeks after this offense, the beginning of 2012, that notice provision was no longer in the code. The legislature, I guess, finally got around to eliminating that redundant provision when they kind of revamped the entire section on retail theft. Regardless, even though that provision still existed for 20 years, the legislative intent was clear that 111-3C was meant to supersede all of those previous notice provisions in specific offenses. So therefore, 111-3C, even though 16.810 is a more specific provision, if you look at another rule of statutory interpretation, it's not just specific for a general, but you also look at legislative intent and legislative history. And that clearly points to the direction of 111-3C controlling in a case like this. If your honors have no further questions, I ask that you reverse and remain in the courtroom for a misdemeanor sentence. I want to thank you guys for giving us an interesting case, a case probably that will go through the Illinois Supreme Court at some point or another. We'll take the case under advisory.